UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

v.

JOSEPH MELLO III,

Defendant.

26-mj-050-JJM-RLA

## ORDER

This matter is before the Court on the Government's Motion for Revocation of the Order of Release, ECF No. 16, of the Defendant, Joseph Mello III. At a detention hearing held by a Magistrate Judge on November 12, 2026, the Government argued that no conditions of release could be set that would reasonably ensure both the safety of the community and Mr. Mello's appearance at further proceedings. The Government also argued that, under 18 U.S.C. § 3142(e)(3)(E), a rebuttable presumption as to the inadequacy of any conditions of release applies to Mr. Mello, and that he failed to rebut that presumption at the detention hearing. After reviewing the Government's and Mr. Mello's proffers, the Magistrate Judge agreed with the recommendation by U.S. Probation and Pretrial Services ("Probation") that Mr. Mello be released on strict conditions, including home incarceration, GPS monitoring, a prohibition on internet use, a prohibition on internet access through computer and cellular phone use (apart from a single flip-phone), and a search condition upon "reasonable suspicion."

Moving under 18 U.S.C. § 3145(a), the Government seeks revocation of the decision to release Mr. Mello (the "Release Order"). *See* ECF No. 16. In a Memorandum in Support of its Motion, the Government again argues that there are no conditions of release that could reasonably assure the safety of any other person, the safety of the community, and Mr. Mello's appearance at further proceedings,[1] and that he has not rebutted the applicable presumption as to that danger. ECF No. 18. The Government has also proffered more facts, that it represents were not known to it at the time of the detention hearing, that it argues show that Mr. Mello has previously violated the terms of his release on state bail conditions. *Id.* at 2–4. The Government contends that Mr. Mello cannot be trusted to comply with the restrictive conditions imposed on him here, and that those conditions cannot ameliorate the risk his release poses to both the community and to the psychological wellbeing of his alleged victims. *Id.* at 9–14.

The Court reviews the Release Order de novo. *See United States v. Tortora*, 922 F.2d 880, 883 n.4 (1st Cir. 1990). Having listened to the entire recording of the hearing before the Magistrate Judge and studied the Government's brief, including its newly proffered facts, the Court agrees with the Magistrate Judge's findings and her decision.

At the outset, the Court finds that Mr. Mello rebutted any presumption under 18 U.S.C. § 3142(e)(3)(E) by proffering facts that included his lack of criminal history,

---

[1] The Governmenrt "recognizes that the Defendant may be able to rebut the presumption as to the risk of non-appearance and overcome the showing of the Government on that prong." ECF No. 18 at 1, n.1.

his education, his long-term residence in the area, his engagement in mental health treatment for two years, and his employment history prior to his arrest. These facts rebut any presumption that Mr. Mello is either a flight risk or a danger to the community because they show that he has, apart from the Government's present (and serious) allegations against him, been a law-abiding citizen with longstanding ties to Rhode Island and who has been actively seeking treatment for the kind of behavior alleged here.

With that established, the Court agrees with the Magistrate Judge's determination that the Government has not shown by clear and convincing evidence that the conditions imposed on Mr. Mello—some of the most restrictive the Court has seen—are inadequate to mitigate the risk that he poses to the community or the risk of his non-appearance at further proceedings. *See* 18 U.S.C. § 3142(g). The Court does not make this decision lightly, given the extremely serious nature and circumstances of the offense with which Mr. Mello has been charged, the weight of the evidence against him, as well as the Government's newest proffer regarding his alleged noncompliance with state bail conditions. But the Court gives considerable weight to Probation's continued recommendation that the strict conditions ordered by the Magistrate Judge will protect the community from his alleged dangerousness. The Court has great confidence in the skill, experience, and expertise of the Probation Officers in this District and sees no reason to depart from their considered recommendation.

Thus, the Government's Motion for Revocation of the Order of Release, ECF No. 16, is DENIED. The U.S. Marshals' are ordered to bring Mr. Mello to the courthouse today, so that he can sign the conditions of release, have Probation apply the monitor, and review his Order of Release with him.

IT IS SO ORDERED.

***/s/John J. McConnell, Jr.***

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

November 17, 2026